| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> CIBIRIX, INC.; ASHISH ROY; JAVIER LARA, ALVARO LARA; and CAROLINA CARPORTS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:20-cv-85 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Nationwide General Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, submits the following Complaint for Declaratory Judgment in which it alleges as follows:

<u>THE PARTIES</u>

1. Plaintiff Nationwide General Insurance Company ("Nationwide") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio.

2. Nationwide is duly authorized by the North Carolina Department of Insurance to transact business and issue commercial general liability insurance policies within the State of North Carolina.

3. Defendant Cibirix, Inc. ("Cibirix") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in Mt. Airy, Surry County, North Carolina.

4. Defendant Ashish Roy ("Defendant Roy") is, on information and belief, a citizen of the country of India. Alternatively, Defendant Roy, who is the Vice-President of Cibirix, is a citizen and resident of Surry County, North Carolina.

5. Defendant Javier Lara ("Defendant Javier") is a citizen and resident of Surry County, North Carolina.

6. Defendant Alvaro Lara ("Defendant Alvaro") is a citizen and resident of Surry County, North Carolina. At all times relevant to this matter, Defendant Alvaro has served in the capacity as President of Cibirix.

7. Defendant Carolina Carports, Inc. ("CCI") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in Dobson, Surry County, North Carolina.

## NATURE OF THE ACTION

8. This is an insurance coverage action for declaratory relief under 28 U.S.C. §§ 2201 and 2022, requesting a judgment declaratory the respective rights of the parties with respect to an actual controversy arising under a policy a commercial liability insurance issued by Nationwide to Cibirix.

9. Nationwide brings this action to obtain a declaration that it has no duty to defend or indemnity Cibirix, Roy, Javier, and/or Alvaro in an underlying lawsuit filed against them by CCI

## JURISDICTION AND VENUE

10. There exists complete diversity of citizenship as Plaintiff Nationwide is not a citizen of the same state as any of the Defendants.

11.     On information and belief, the amount in controversy in this action exceeds $75,000. More specifically, as more particularly described herein, this is an insurance coverage dispute arising out of underlying litigation filed by CCI against Defendants Ci, Roy, Javier, and Alvaro in which compensatory damages are sought from each of those four Defendants in an amount in excess of $25,000, which damages CCI further seeks to treble pursuant to N.C.G.S. § 75-16.1, as well as for punitive damages.[1]

12.     Consequently, subject-matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332.

13.     Defendants Cibirix and CCI are subject to the personal jurisdiction of this Court because they are domestic corporations domiciled in this state. See N.C.G.S. § 1-75.4(1)(c).

14.     Defendants Javier and Alvaro are subject to the personal jurisdiction of this Court because they are natural persons who are either present in or domiciled in this state. See N.C.G.S. § 1-75.4(1)(b) & (c).

15.     Defendant Roy is subject to the personal jurisdiction of this Court because at all times relevant to this matter he has been an officer (Vice-President) of a domestic corporation (Cibirix) and this action arises out of his conduct as an officer of such corporation and/or the activities of such corporation while Defendant Roy held the

---

[1] Claims against multiple defendants can be aggregated for purposes of determining the jurisdictional amount when the defendants are jointly liable to the plaintiff. See Aetna Casualty & Surety Co. v. Graves, 381 F.Supp. 1159, 1163 (W.D. La. 1974) (citations omitted). Furthermore, for purposes of determining the amount in controversy for federal diversity jurisdiction, the Court should consider the full amount of the treble damages claimed. See Fox v. AFLAC, Inc., 2011 U.S.Dist. LEXIS 100160, *7-8 (W.D.N.C. 2011) (citations omitted).

3

office of Vice-President. See N.C.G.S. § 1-75.4(8)[2]. Defendant Roy has thus purposefully availed himself to the jurisdiction of this Court.

16. Since one or more of the Defendants resides in this judicial district and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial district, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

FACTUAL BACKGROUND

17. On or about July 9, 2019, Cibirix applied for a policy of commercial insurance with Nationwide. Cibirix was represented in such efforts by Defendant Javier, who was acting within the course and scope of his employment with Cibirix. A true and correct copy of the Commercial Insurance Application completed by Cibirix is attached hereto as Exhibit A.

18. In reliance on the information provided by Cibirix and Defendant Javier, Nationwide issued a Premier Businessowners policy of insurance to Cibirix that was bound on July 9, 2019.

19. From July 10, 2019 through July 10, 2020, therefore, Cibirix has been the named insured on Policy No. ACP BPOG 3009403860, issued by Nationwide ("the Policy"), which Policy provides certain liability coverages to Cibirix and its officers and directors in accordance with the terms and conditions set forth therein. A true and correct copy of Policy is attached hereto as Exhibit B.[3]

---

[2] In order for a federal district court to exercise personal jurisdiction pursuant to a state long-arm statute, (1) the forum state's long arm statute must authorize the exercise of personal jurisdiction, and (2) the defendant must have sufficient minimum contacts with the forum state to satisfy the due process clause of the Fourteenth Amendment. See Taylor v. Bettis, 976 F.Supp.2d 721, 748, 2013 U.S.Dist. LEXIS 140908, *65 (E.D.N.C. 2013) (citations omitted).

[3] Both the Application (Exhibit A) and Policy (Exhibit B) erroneously refer to Cibirix as "Cibrix Inc." which is presumed to be a scrivener's error as there is no dispute that the

4

20. On or about October 23, 2019, CCI commenced a civil action against Defendants Cibirix, Roy, Javier, and Alvaro, styled **"Carolina Carports, Inc., Plaintiff vs. Carport Central, Inc., Carport-Central.Com, Inc., Cibirix, Inc., Ashish Roy, Javier Lara, and Alvaro Lara, Defendants," Surry Superior Court, 19 CVS 1555 (hereinafter "the Underlying State Court Action")** in which CCI seeks compensatory punitive damages from Defendants Cibirix, Roy, Javier, and Alvaro arising out of business relationship whereby Cibirix was to provide digital marketing services to CCI. A true and correct copy of the Complaint filed in the Underlying State Court Action is attached hereto as Exhibit C.

21. The gist of the claims set forth in the Underlying State Court Action is that upon the formation of Cibirix in March 2016 the company started developing CCI's website, web campaign, and overall web presence, and in the course of doing so Cibirix, Roy, Javier, and Alvaro unlawfully used confidential information, data, and other knowledge gained from their relationship with CCI to improve the web presence of their separate companies (Carport Central, Inc. and Carport-Central.Com, Inc.) to the financial detriment of CCI. CCI has thus asserted causes of action against Cibirix, Roy, Javier, and Alvaro for common law trademark and tradename infringement, fraud, negligent misrepresentation, unfair and deceptive trade practices in violation of N.C.G.S. § 75-1.1, misappropriation of trade secrets and proprietary information, tortious interference with contact and competitive economic advantage, breach of confidentiality

---

correct spelling of the corporate entity is "Cibirix, Inc." per the North Carolina Department of the Secretary of State's office.

and non-disclosure agreement, civil conspiracy, piercing the corporate veil, and breach of contract. [See generally Exhibit C].

22. Upon receipt of the Complaint in the Underlying State Action, Defendants Cibirix, Roy, Javier, and Lara demanded that Nationwide provide a legal defense and, if appropriate, indemnity for any damages awarded for the claims asserted against them by CCI.

23. Nationwide has agreed to provide a defense for Defendants Cibirix, Roy, Javier, and Alvaro in the Underlying State Court Action under a written reservation of rights. True and correct copies of the reservation of rights letters issued by Nationwide's counsel are attached hereto as Exhibits D and E.

24. A genuine, actual and justiciable controversy between the parties to this action (Nationwide, Cibirix, Roy, Javier, and Alvaro)[4] has arisen and presently exists concerning the subject of coverage afforded by Nationwide pursuant to the Policy for the claims asserted by CCI in the Underlying State Court Action, and Nationwide contends that it is entitled to a declaratory judgment as to its obligations and liabilities under said Policy.

---

[4] CCI is identified as a nominal defendant in this declaratory judgment action because they are or may be an "interested party" as to the issue of whether or not there is any coverage under the Policy for the damages which CCI seeks to recover from Cibirix, Roy, Javier, and/or Alvaro. Nationwide otherwise seeks no affirmative relief against CCI. See Zurich Am. Ins. Co. v. Covil Corp., 2019 U.S.Dist. LEXIS 117738, * 14-15 (M.D.N.C. 2019) ("When an insurer brings a declaratory judgment action against its insured, the underlying claimants are usually, but not always, necessary parties to the insurance dispute.") (citations omitted).

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment – No Coverage Under the Nationwide Policy

25. The allegations of Paragraphs 1 through 24 of this Complaint are realleged and incorporated herein by reference.

26. The Policy sets forth the express terms and conditions by which there is coverage under the same.

27. Pursuant to "Coverage A – Bodily Injury and Property Damage Liability" of the Policy, Nationwide will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

28. Furthermore, the Policy applies to "bodily injury" and "property damage" only if:

   1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
   2) The "bodily injury" or "property damage" occurs during the policy period; and
   3) Prior to the policy period, no insured listed under Paragraph 1. of Section II. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

29. The term "bodily injury" is defined by the Policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these."

30. The term "occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

31. The term "property damage" is defined by the Policy as "physical injury to tangible property, including all resulting use of that property. . . . For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment."

32. The allegations of CCI's Complaint in the Underlying State Court Action do not give rise to liability insurance coverage under Coverage A of the Policy. More specifically, those allegations do not make out a claim for "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined by the Policy and/or as they have been interpreted by North Carolina caselaw. Similarly, the allegations show that CCI's alleged damages occurred prior to the policy period of the Policy.

33. Alternatively, to the extent that CCI's Complaint can be read to assert damages because of "bodily injury" or "property damage," the allegations further show that Cibirix and/or its employees who were authorized to give or receive notice of claims knew prior to the policy period that such "bodily injury" or "property damage" occurred.

34. Pursuant to "Coverage B – Personal Injury and Advertising Injury Liability" of the Policy, Nationwide will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply." Furthermore, the Policy provides that "this insurance applies to 'personal and advertising injury' caused by an offence arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

35. The term "personal and advertising injury" is defined by the Policy as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses:

  a. False arrest, detention, or imprisonment;
  b. Malicious prosecution;
  c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
  d. Oral or written publication, in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;
  e. oral or written publication, in any manner, of material that violates a person's right of privacy;
  f. the use of another's advertising idea in your "advertisement;" or
  g. infringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

36. The allegations of CCI's Complaint in the Underlying State Court Action do not give rise to liability insurance coverage under Coverage B of the Policy. More specifically, those allegations do not make out a claim for "personal and advertising

9

injury" as that term is defined by the Policy and/or as it has been interpreted by North Carolina caselaw. Similarly, the allegations show that CCI's alleged damages occurred prior to the policy period of the Policy.

37. Finally, in accordance with the terms of the Policy, because Cibirix is a corporation, its executive officer and directors are insureds "but only with respect to their duties as [Cibirix's] officers and directors" and its employees are insureds "but only for acts within the scope of their employment by [Cibirix] or while performing duties related to the conduct of [Cibirix's] business."

38. The allegations of CCI's Complaint in the Underlying State Court Action indicate that Roy, Javier, and Alvaro were acting as agents of Carport Central, Inc. and/or Carport-Central.Com, Inc. at the time of the actions and/or omissions giving rise to CCI's claims against them.

39. Nationwide is, therefore, entitled to a declaration that they have no duty or obligation under the Policy to make any payment to the Defendants for any sums awarded in favor of CCI against Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Action.

40. Nationwide is further entitled to a declaration that they have no duty or obligation under the Policy to provide a defense to Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Action

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment – Exclusions from Coverage Under the Nationwide Policy

41. The allegations of Paragraphs 1 through 40 of this Complaint are realleged and incorporated herein by reference.

10

42. The Policy contains certain exclusions from "Coverage A – Bodily Injury and Property Damage Liability" as set forth in detail therein.

43. In particular, the Policy expressly provides an exclusion from Coverage A for bodily injury or property damage "which is expected or intended by the insured." [See Policy, at Exclusion a. Expected or Intended Injury].

44. The Policy also provides an exclusion from Coverage A for bodily injury "arising out of personal and advertising injury." [See Policy, Coverage A, at Exclusion o. Personal and Advertising Injury].

45. Finally, the Policy also provides an exclusion from Coverage A for bodily injury or property damage "that arises out of or is a result of the rendering of, or failure to render, any professional service, treatment, or instruction" which services include "legal, accounting, insurance, real estate, financial, advertising or consulting service, advice or instruction" and "electronic data processing, computer consulting or computer programming services, advice, or instruction." [See Policy, Coverage A, at Exclusion v. Professional Services].

46. The Policy also contains certain exclusions from "Coverage B – Personal and Advertising Injury Liability" as set forth in detail therein.

47. In particular, the Policy expressly provides an exclusion from Coverage B for persona and advertising injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury." [See Policy, Coverage B, at Exclusion a. Knowing Violation of Rights of Another].

48. The Policy also provides an exclusion from Coverage B for personal and advertising injury "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." [See Policy, Coverage B, at Exclusion c. Material Published Prior to Policy Period].

49. The Policy also provides an exclusion from Coverage B for personal and advertising injury "arising out of a breach of contract, except an implied contract to use another's advertising idea in your advertisement." [See Policy, Coverage B, at Exclusion f. Breach of Contract].

50. The Policy also provides an exclusion from Coverage B for personal and advertising injury "arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights." [See Policy, Coverage B, at Exclusion i. Infringement of Copyright, Patent, Trademark Or Trade Secret].

51. The Policy also provides an exclusion from Coverage B for personal and advertising injury "committed by an insured whose business is: (1) Advertising, broadcasting, publishing, or telecasting. (2) Designing or determining content of web-sites for others; or (3) An Internet search, access, content, or service provider. HOWEVER, this exclusion does not apply to Paragraphs a., b., and c. of the definition of "personal and advertising injury" under Section V. DEFINITIONS." [See Policy, Coverage B, at Exclusion j. Insureds in Media And Internet Type Business].

52. The Policy also provides an exclusion from Coverage B for personal and advertising injury "arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead

another's potential customers." [See Policy, Coverage B, at Exclusion l. Unauthorized Use of Another's Name Or Product].

53. The Policy also provides an exclusion from Coverage B for personal and advertising injury which "arises out of or is a result of the rendering of, or failure to render, any professional service, treatment, or instruction" which services include "legal, accounting, insurance, real estate, financial, advertising or consulting service, advice or instruction" and "electronic data processing, computer consulting or computer programming services, advice, or instruction." [See Policy, Coverage B, at Exclusion v. Professional Services].

54. Finally, the Policy provides an express exclusion from both Coverage A and Coverage B called "Access or Disclosure of Confidential or Personal Information and Data-Related Liability" which states that there is no coverage for damages "arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information." [See Policy, at Endorsement PB 15 04 11 14].

55. In the event the Court determines that there exists coverage under the Policy as to any of the damages claimed by CCI against Defendants Cibirix, Roy, Javier, and Alvaro in the Underlying State Court Action, those damages are excluded from coverage under one or of the aforementioned "Exclusions" contained within the Policy.

56. In the alternative, therefore, Nationwide is entitled to a declaration that it has no duty or obligation under the Policy to make any payment to the Defendants for any sums awarded in favor of CCI against Defendants Cibirix, Roy, Javier, and/or

13

Alvaro in the Underlying State Action by virtue of the aforementioned exclusions to coverage.

57. In the alternative, Nationwide is further entitled to a declaration that it has no duty or obligation under the Policy to provide a defense to Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Action by virtue of the aforementioned exclusions to coverage.

WHEREFORE, Plaintiff Nationwide General Insurance Company respectfully prays that:

1. The Court enter a judgment declaring that Nationwide has no duty or obligation under the Policy to make any payment to Defendants for any damages awarded in favor of CCI against Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Court Action on the grounds that such damages are not covered by the Policy;

2. In the alternative, the Court enter a judgment declaring that Nationwide has no duty or obligation under the Policy to make any payment to Defendants for any damages awarded in favor of CCI against Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Court Action on the grounds that such damages are excluded from coverage by the Policy;

3. The Court further enter a judgment declaring that Nationwide has no duty or obligation under the Policy to provide a legal defense to

Defendants Cibirix, Roy, Javier, and/or Alvaro in the Underlying State Action;

4. The costs of this action be taxed against Defendants Cibirix, Roy, Javier, and/or Alvaro; and

5. Nationwide have such other and further relief as the Court shall deem just and proper.

This the 27th day of January, 2020.

                BAILEY & DIXON, L.L.P.

                By: /s/ David S. Wisz
                    David S. Wisz, N.C. State Bar No. 22789
                Attorneys for Plaintiff
                Post Office Box 1351
                Raleigh, North Carolina 27602
                Telephone: (919) 828-0731
                E-mail – dwisz@bdixon.com